UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-787-JAR |
| | ) | |
| RONRICO BUCHANAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Ronrico Buchanan's Pro Se Motion (ECF No. 56) and a letter from the Bureau of Prisons ("the BOP"). ECF No. 57. Buchanan moves the Court to hold that his federal sentence runs concurrently with subsequently imposed state sentences, and the BOP asks the Court to explain whether those sentences should run concurrently or consecutively. As explained in further detail below, Buchanan's federal sentence runs consecutively with his state sentences, and the Court does not have the authority to alter or amend Buchanan's sentence. The Court will accordingly deny Buchanan's motion.

**BACKGROUND**

On July 29, 2020, Buchanan pleaded guilty to one count of Felon in Possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a), and on November 18, 2020, the Court sentenced him to a 70-month term of imprisonment followed by two-years' supervised release. ECF No. 52. At the time of sentencing, Buchanan was under the primary jurisdiction of state authorities in Texas where he faced a number of criminal charges that were unrelated to the charges here. Because there had been no disposition of state charges, the Court's

Judgment did not state whether Buchanan's federal sentence was to run concurrently with or consecutively to any state sentences.

After sentencing, federal authorities returned Buchanan to state custody, and in January 2021, the State of Texas imposed a term of imprisonment which Buchanan completed in November 2022. Thereafter, Buchanan was returned to federal authorities to commence service of his federal sentence.

On November 13, 2023, the Court received a letter from Buchanan claiming that the Court had stated on the record that his federal sentence would run concurrently with the anticipated state sentences and that the BOP erroneously declined to credit his time served under his state sentences toward his federal sentence. ECF No. 54. A week later, the Court received a pro se motion from Buchanan requesting that the Court "correct the courts error" and credit his time served under his state sentences toward his federal sentence. ECF No. 56 at 9. Then, on January 23, 2024, the Court received a letter from the BOP notifying the Court that Buchanan requested credit for time spent in service of his state sentence. The BOP explained that it construed Buchanan's request as a request for retroactive designation under 18 U.S.C. § 3621(b). Doing so would effectively make Buchanan's federal sentence run concurrently with his state sentences, thereby reducing the time Buchanan spends in federal confinement. If the BOP grants Buchanan's request, Buchanan will be released from custody on December 17, 2024; if not, Buchanan will continue to serve his sentence until a projected release date of December 16, 2027. The BOP accordingly requests the Court's guidance as to whether Buchanan's sentences should run concurrently or consecutively.

## DISCUSSION

Buchanan requests that the Court credit his time served under his state sentences toward his federal sentence, but the Court is unable to grant this relief. The Court's Judgment does not state that Buchanan's federal sentence is to run concurrently with anticipated state sentences, and because "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently," his federal sentence is presumed to run consecutively to the state sentences. 18 U.S.C. § 3584(a). Under 18 U.S.C. § 3582(c), the Court may not modify a term of imprisonment once it has been imposed except under the circumstances listed in subsections (1) and (2), and Buchanan does not argue that any such circumstances are present here. He does argue that the Court stated on the record that his sentence was to run concurrently with subsequently imposed state sentences, but Buchanan does not support his argument with any citation to the record. The Court is therefore unable to modify Buchanan's sentence to run concurrently with his state sentences.

To the extent Buchanan requests that the Court designate the place of confinement where he served his state sentences as the place of confinement for his federal sentence, the discretion to make that determination rests elsewhere. Under 18 U.S.C. § 3621, "[t]he BOP is authorized to designate a facility (federal or state) as the site for a defendant convicted of a federal offense to serve his federal sentence." *Elwell v. Fisher*, 716 F.3d 477, 486 (8th Cir. 2013) (citing 18 U.S.C. § 3621(b)). In exercising this authority, the BOP considers several statutory factors, "and the BOP program statement expressly requires the BOP to consider the sentencing court's intent." *Id.* The BOP has accordingly requested guidance from this Court about its intent when sentencing Buchanan. The Court imposed Buchanan's sentence with the understanding that

3

terms of imprisonment imposed at separate times run consecutively. The Court declines to address other factors the BOP may consider in exercising it's sound discretion.

Accordingly,

**IT IS HEREBY ORDERED** that Buchanan's Pro Se Motion [ECF No. 56] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this order to the Bureau of Prisons.

Dated this 23rd day of September 2024.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE